IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Martha H.,<br><br>Plaintiff,<br>v.<br><br>Commissioner of Social Security Administration,<br><br>Defendant. | Civil Action No. 8:25-cv-03483-JD-WSB<br><br>**ORDER** |

This Social Security matter is before the Court for review of the Report and Recommendation (the "Report") of United States Magistrate Judge William S. Brown, issued pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.). (DE 16.) Plaintiff Martha H.[1] ("Plaintiff") seeks judicial review under 42 U.S.C. § 405(g) of the Commissioner's final decision denying her claim for Disability Insurance Benefits ("DIB"). The Report recommends that the Commissioner's decision be reversed and that this matter be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). (DE 16 at 26.) The time for filing objections has expired, and no objections have been filed.

## A. Background

Plaintiff filed an application for DIB on March 31, 2020, alleging disability beginning May 1, 2016. (R. 76-77.) After an initial unfavorable decision and a prior

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, because of significant privacy concerns in Social Security cases, federal courts refer to claimants only by their first names and last initials.

judicial remand, the ALJ held a second hearing on January 8, 2024, and issued another unfavorable decision on April 17, 2024. (R. 3182-3213, 3214-33, 3302-07.) The Appeals Council denied review on February 25, 2025, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. (R. 3170-76.)

On August 13, 2026, the Magistrate Judge issued the Report recommending reversal and remand. The Report concluded that remand was warranted based on the ALJ's treatment of the consultative opinion of Bruce Kofoed, Ph.D., and the opinion of neurologist Cody Freeman, M.D. concerning handling and fingering. (DE 16 at 15–25.) In light of the recommended remand, the Report did not reach Plaintiff's remaining allegations of error. (*Id.* at 25.)

**B. Legal Standard**

The Court must review de novo only those portions of a magistrate judge's report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). When no specific objection is made, the Court need not conduct de novo review and need only satisfy itself that there is no clear error on the face of the record before accepting the recommendation. *See Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023); *Diamond v. Colonial Life & Accident Insurance Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). A party who receives proper notice and fails to file timely, specific objections ordinarily forfeits appellate review of the substance of the recommendation. *See Nelson v. Bisignano*, No. 25-2073, 2026 WL 1533306, at *1 (4th Cir. June 1, 2026) (per curiam).

In the absence of objections, the Court is not required to give any explanation for adopting the recommendation. *See Camby*, 718 F.2d at 199.

**C. Review**

Having reviewed the Report and the record under the applicable clear-error standard, the Court finds no clear error in the Magistrate Judge's recommendation.

The Court notes one citation correction. The Report's introductory reference to 28 U.S.C. § 636(c) is a citation error. (DE 16 at 1.) Because this matter was referred for a report and recommendation, the applicable statutory provision is 28 U.S.C. § 636(b)(1)(B). The citation is corrected accordingly.

**D. Conclusion**

For these reasons, the Court **ADOPTS** the Report and Recommendation (DE 16), subject to the citation correction noted above, **REVERSES** the Commissioner's final decision pursuant to sentence four of 42 U.S.C. § 405(g), and **REMANDS** this matter to the Commissioner for further consideration.

The Clerk is directed to enter a separate judgment pursuant to Federal Rule of Civil Procedure 58 and close this case.

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
August 31, 2026